United States District Court
Southern District of Texas
**ENTERED**
October 20, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LORRIE BODDEN, | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:26-cv-6327 |
| THE HERSHEY COMPANY, | § | |
| *Defendant*. | § | |

**ORDER**

Pending before this Court is Defendant The Hershey Company's ("Defendant" or "Hershey") Motion to Dismiss. (Doc. No. 4). Plaintiff Lorrie Bodden ("Plaintiff" or "Bodden") responded after the deadline. (Doc. No. 6). Defendant moved this Court to strike the response as untimely and grant Hershey's Motion as unopposed. (Doc. No. 9). Plaintiff moved this Court to allow for a surreply to explain the late response. (Doc. No. 10). The Court **GRANTS** Plaintiff's motion to allow a surreply (Doc. No. 10) and **DENIES** the motion to strike the response. (Doc. No. 9). After reviewing the Original Petition, briefing, and relevant legal standards, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. No. 4) and conditionally dismisses Plaintiff's strict products liability and negligence claims without prejudice. This Court further **GRANTS** Plaintiff's Motion for Leave to Amend [Complaint] (Doc. No. 7).

## I. Background

This is a personal injury dispute arising from the consumption of a piece of chocolate by Bodden that was manufactured and sold by Hershey. (Doc. No. 1-1 at 8). On or about May 31, 2024, Bodden alleges that she purchased and, shortly thereafter, consumed the chocolate. (*Id.*). Within days of consumption, Bodden claims that she experienced physical ailments, including

diarrhea and skin rashes. (*Id.*). Bodden further alleges that, on or about June 6, 2024, she sought medical attention for these symptoms. (*Id.*).

Bodden filed the Original Petition in the 152nd District Court of Harris County, Texas, asserting that Hershey was liable for her injuries on June 4, 2026. (*Id.* at 7–9). Hershey removed the case to this Court. (Doc. No. 1).

As a result, the live pleading in this case is Plaintiff's Original Petition, which asserts the following causes of action against Hershey: (1) strict products liability; (2) negligence; and (3) breach of implied warranty of merchantability. (Doc. No. 1-1 at 8–9). Hershey filed a motion to dismiss, in the form of a motion for judgment on the pleadings, as to the first two causes of action. (Doc. No. 4). Plaintiff responded and the Motion is now ripe for resolution.

## II. Legal Standard

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 544-545 (5th Cir. 2010). A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

**III. Analysis**

Hershey seeks dismissal of Bodden's claims of strict products liability and negligence under two alternative theories. First, Hershey asserts that both claims are time-barred as a matter of law under the Texas statute of limitations. (Doc. No. 4 at 1). Second, and in the alternative, Hershey asserts that the Original Petition fails to sufficiently plead how the product was defective and thus does not adequately state a claim for which relief can be granted under either theory of liability. (*Id.*). This Court addresses each of these arguments in turn.

Count I of Plaintiff's Original Petition seeks damages under a theory of strict products liability because, according to Bodden, Hershey's product was defective, unreasonably dangerous, and the cause of Bodden's injuries. (Doc. No. 1-1 at 8). Count II of Plaintiff's Original Petition seeks damages under a theory of negligence because, according to Plaintiff, Hershey owed a duty to exercise ordinary care to Plaintiff, and Defendant breached these duties. (*Id.*). Hershey seeks to dismiss these claims either as time-barred by the statute of limitations or, in the alternative, inadequately pled. (Doc. No. 4 at 1). For the reasons set forth below, the Court is unable at this

stage in the proceedings to conclude as a matter of law that the claim is time-barred; nevertheless, the Court conditionally dismisses Plaintiff's claims for strict products liability and negligence for failure to state a claim.

*a. Statute of Limitations*

The Court first considers Hershey's argument that Bodden's claims for strict products liability and negligence should be dismissed as time barred. Since this case and its state law claims have been removed to this Court on the basis of diversity jurisdiction, Texas state law provides the applicable statute of limitations. *See Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Texas*, 20 F.3d 1362, 1368–69 (5th Cir. 1994). Section 16.003 of Texas Civil Practice and Remedies Code provides that "a person must bring suit for trespass for . . . personal injury . . . not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. AND REM. CODE § 16.003. The Supreme Court of Texas, in interpreting this statutory provision, has further stated that accrual is measured by the date on which the "wrongful act causes an injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998). Unless some exception is applicable, the two-year statute of limitations applies to this personal injury claim.

Bodden filed this suit in state court on June 4, 2026. (Doc. No. 1-1 at 7). Thus, the claims would be time-barred if the wrongful act which caused the injury occurred more than two years prior. The Original Petition alleges that Plaintiff consumed the Defendant's allegedly defective product "shortly after" purchase on or about May 31, 2024 and experienced physical symptoms "within days." (*Id.* at 8). Plaintiff then sought medical treatment on or about June 6, 2024. (*Id.*). Without more precision regarding the dates on the face of the complaint, this Court is unable to conclude as a matter of law that this claim is time-barred at this stage. The Court finds this issue

may be better handled through a motion pursuant to Rule 56, when the Court may consider materials beyond the Original Petition, such as further evidence as to when the alleged wrongdoing of Defendant caused Plaintiff's injury.

*b. Failure to State a Claim*

Nevertheless, Defendants also contend that the Original Petition fails to state claims of strict products liability and negligence. As for the products liability claim, Defendant argues that the Original Petition "identifies no contaminant, no manufacturing deviation, and no mechanism connecting any specific condition of the product to her symptoms." (Doc. No. 4 at 9). Although not entirely clear from the Original Petition, it appears that the Plaintiff is alleging a manufacturing defect as her theory of products liability. Under Texas law, a "manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004) (citations omitted). The Original Petition simply states that the product was "defective and unreasonably dangerous at the time it left Defendant's possession and control" and that the "defective condition of the product was a producing cause of Plaintiff's injuries and damages." (Doc. No. 1-1 at 8). These legal conclusions simply do not provide enough facts to explain how the product deviated from its intended design and was unreasonably dangerous. Viewing the facts and inferences in the light most favorable to the Plaintiff, the Original Petition fails to state a claim upon which relief may be granted. Since the Court recognizes that the Original Petition was filed under state-law notice pleading standards, the Court grants Plaintiff a limited opportunity to amend the Original Petition to supply more facts to allow this Court to evaluate this claim. *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018) ("Removal from a notice-pleading jurisdiction is a natural time at which justice would call for the court to permit [] an amendment.").

Defendant similarly contends that Plaintiff fails to adequately plead her negligence claim in the Original Petition. (Doc. No. 4 at 1). Defendant argues that the Plaintiff simply puts forth a list of various duties and how Defendant breached those duties without specificity. (*Id.* at 9). In short, Defendant argues that "a negligence claim built entirely on the temporal proximity between a purchase and a subsequent illness, without any factual content describing the defect or the breach" insufficiently pleads a claim for relief. (*Id.* at 10). As with the claim sounding in strict products liability, this Court concludes that the Original Petition insufficiently explains what was wrong (if anything) with the product. Without more, this Court is unable to conclude that Defendant breached any duties to Plaintiff, and that such breaches proximately caused Plaintiff's harm—all of which would be required to state a negligence claim. *See Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). As before, this Court grants Plaintiff a limited opportunity to amend the Original Petition to supply more facts supporting this claim.

## IV. Conclusion

As this Court concludes that Plaintiff's Original Petition fails to state a claim as to both the strict products liability and negligence causes of action, this Court conditionally grants Defendant's Motion to Dismiss those claims without prejudice. Plaintiff may file an amended complaint to cure these issues if Plaintiff does so within 30 days of this order. If Plaintiff fails to do so, these claims are dismissed. If an amended complaint is filed, Defendant may respond in any way it deems appropriate within 21 days.

It is so ordered.

Signed on this the 20th day of October, 2026.

Andrew S. Hanen
United States District Judge